## MILLER v. SEARS.

Court of Appeals of Kentucky.

Dec. 12, 1952.

Rehearing Denied March 27, 1953.

Arthur T. Iler, Central City, Woodward, Bartlett & McCarroll, Owensboro, for appellant.

Russell O'Neill, Central City, for appellee.

COMBS, Justice.

The plaintiff Sears, appellee here, in his petition for damages, charged the defendant Miller with obstructing a drainage ditch and diverting surface water upon his land, thereby damaging his crops. The jury found for the plaintiff in the amount of $1500.

The only ground urged for reversal is that the instructions were erroneous, the

main objection being that the measure of damages is incorrectly stated.

Plaintiff claimed damages to his crops, including corn, soy beans and hay, for the years 1948, 1949 and 1950. The prayer of the petition is for recovery of damages to the crops and for all proper relief. The diversion of the water over plaintiff's land and resulting damage to his crops is sufficiently established. The court, in its instructions to the jury, adopted as the measure of damages "the diminution in value of its (obviously referring to the land) use and occupancy during the years of 1948, 1949 and 1950."

The defendant insists that the correct measure of recovery under the pleadings and proof is not diminution in use and occupancy, but damage to the crops. It is true that in Commonwealth v. Masden, 295 Ky. 861, 175 S.W.2d 1004, 169 A.L.R. 101, which involved damages to crops by deer which had escaped from a public game preserve, the Court said the value of the crops at the time of loss was a proper measure of recovery. Long's Ex'rs v. Bischoff, 277 Ky. 842, 127 S.W.2d 851, was cited as authority for the statement. In the Long case the claim was based on conversion of crops, and obviously no other measure of damages would have been adequate. It does not necessarily follow, however, that the instruction in this case is erroneous, or, even if technically incorrect, that it is prejudicial to the defendant.

■ The propriety and the sufficiency of instructions must always be determined by the facts in the particular case. An instruction may be entirely proper in one case and erroneous in another, for though the two cases may be similar in many respects, a different element may be present in one. Stanley's Instructions to Juries, section 2.

■ Here, the plaintiff's case was pitched primarily upon damage to crops; but although he proceeded on that theory, he also pleaded and proved facts sufficient to show the diminution in the value of the use and occupancy of the land, and, as noted, his prayer is for "proper relief." It is shown by the testimony that he used his land individually for farming purposes.

To him the value of the use and occupancy of the land was the profit from his crops. By the same reasoning the damage to the crops was to him the diminution in the value of use and occupancy of his land.

If the case had been based on temporary damage to land, admittedly the measure of recovery would have been the diminution in the value of use and occupancy. Pickerill v. City of Louisville, 125 Ky. 213, 100 S.W. 873. Since, under the circumstances of this case, the temporary damage to the land is equivalent to damage to the crops, we are of the opinion the measure of damages adopted by the court was not incorrect.

Instructions are designed to furnish guidance to the jury. If it should be conceded that the instruction given is technically incorrect, yet a practical consideration, such as the jury doubtless gave, justifies a decision that the instructions properly presented the issues to the jury. In this state of case, we will not reverse the judgment because of a technical defect in the instructions.

The judgment is affirmed.